UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HOSH MOHAMED HOSH,<br>     # A 076 863 283, | ) | |
| | ) | |
| | ) | |
|     Petitioner, | ) | Civil Action No. 1:11-cv-464 |
| | ) | |
| v. | ) | |
| | ) | |
| ENRIQUE LUCERO, *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

Petitioner Hosh Mohamed Hosh ("Hosh") has filed a Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] (the "Petition"). As his grounds for

relief, Hosh contends that immigration officials have denied him the individualized bond

release hearing he is entitled to receive under 8 U.S.C. § 1226(a) following his arrest, and

that he is being improperly held without such a hearing pursuant to the mandatory

detention provisions of 8 U.S.C. § 1226(c).[1]

---

[1] Section 1226(a) states:

> Arrest, detention, and release. On a warrant issued by the Attorney General, an
> alien may be arrested and detained pending a decision on whether the alien is to
> be removed from the United States. Except as provided in subsection (c) and
> pending such decision, the Attorney General--
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on--
>         (A) bond of at least $ 1,500 with security approved by, and containing
> conditions prescribed by, the Attorney General; or
>             (B) conditional parole; but
>         (3) may not provide the alien with work authorization (including an
> "employment authorized" endorsement or other appropriate work permit), unless
> the alien is lawfully admitted for permanent residence or otherwise would
> (without regard to removal proceedings) be provided such authorization.

# I.    BACKGROUND

Hosh is a native and citizen of Somalia who entered the United States in January 1999 as an asylee, and became a lawful permanent resident on June 5, 2007. Pet., ¶¶ 14-15. On March 4, 2008, Hosh was convicted in Virginia state court of unlawful wounding in violation of Va. Code § 18.2-51 and grand larceny in violation of Va. Code § 18.2-95. For these offenses, he received a concurrent two-year suspended sentence of incarceration as to each offense. Pet., ¶ 16. On March 21, 2011, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Hosh in connection with deportation

---

Section 1226(c) states:
> Detention of criminal aliens.
>> (1) Custody. The Attorney General shall take into custody any alien who--
>> (A) is inadmissible by reason of having committed any offense covered in [8 U.S.C. § 1182(a)(2)],
>> (B) is deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)],
>> (C) is deportable under [8 U.S.C. § 1227(a)(2)(A)(i)] on the basis of an offense for which the alien has been [sentenced] to a term of imprisonment of at least 1 year, or
>> (D) is inadmissible under [8 U.S.C. § 1182(a)(3)(B)] or deportable under [8 U.S.C. § 1227(a)(4)(B)],
>> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>> (2) Release. The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of title 18, United States Code, that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

proceedings instituted against him based on those convictions[2] and he is currently

detained in connection with those proceedings at the Hampton Roads Regional Jail in

Portsmouth, Virginia. Pet., ¶¶ 2, 17 and 18. On April 12, 2011, an Immigration Judge

denied Hosh's request for a hearing on whether he should be released on bond and on

what conditions, as authorized under 8 U.S.C. § 1226(a), on the grounds that Hosh was

subject to mandatory detention under 8 U.S.C. § 1226(c). Pet., ¶ 19.

## II. ANALYSIS

Hosh contends that he is not subject to mandatory detention under Section

1226(c)(2), and that he is entitled to an individualized bond hearing. In at least three other

cases in this District, the Court has considered whether an arrested alien is entitled to a

bond hearing when he is arrested, not at the time of his release from custody on a

criminal offense designated in 8 U.S.C. § 1226(c)(1)(A)-(D), but at a point in time

substantially thereafter. In those cases, the Court has ruled that the mandatory detention

provisions of Section 1226(c) do not apply in those circumstances. Rather, where the

United States has not taken an alien into custody for deportation based on a designated

offense when he is released from custody pertaining to that offense, as Section 1226(c)

directs, an arrested alien's right to an individualized bond hearing is governed by Section

1226(a), not Section 1226(c)(2). *See Waffi v. Loiselle,* 527 F. Supp. 2d 480, 488 (E.D.

Va. 2007) (holding Section 1226(c) did not apply to an alien who was "taken into

immigration custody well over a month after his release from state custody," and that the

alien was entitled to an individualized bond hearing pursuant to Section 1226(a));

---

[2] Specifically, ICE has charged Hosh with removability under 8 U.S.C. §
1227(a)(2)(A)(iii), Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, on
the grounds that he committed an aggravated felony after entry. Pet., ¶ 18.

*Bracamontes v. Desanti*, Case No. 2:09-cv-480, 2010 U.S. Dist. LEXIS 75958 (E.D. Va.

June 16, 2010) (recommending that alien who was not detained until eight years after his

release from state custody be granted an individualized bond hearing); *Bracamontes v.

Desanti*, Case No. 2:09-cv-480, 2010 U.S. Dist. LEXIS 75977 (E.D. Va. July 26, 2010)

(overruling objections to report and recommendation, and ordering that petitioner be

granted an individualized bond hearing within ten days); *Cummings v. Holder*, Case No.

1:10-cv-1114 (E.D. Va. Jan. 14, 2011) (applying *Waffi* and *Bracamontes*, and ordering

that the petitioner be granted an individualized bond hearing within ten days). Other

courts have reached similar conclusions.[3]   In light of the continuing refusal on the part of

immigration officials in this District to act in accordance with this Court's prior rulings,

in the absence of any binding appellate authority, and at the Government's request, the

Court has re-examined this issue and comes to the same conclusion reached in *Waffi*,

*Bracamontes* and *Cummings*, whose analysis and reasoning the Court adopts for the

purposes of this case.

Title 8, Section 1226 is entitled "Apprehension and detention of aliens." Section

1226(a) provides generally that "[o]n a warrant issued by the Attorney General, an alien

may be arrested and detained pending a decision on whether the alien is to be removed

---

[3] *See, e.g., Khodr v. Adduci*, 697 F. Supp. 2d 774, 778-80 (E.D. Mich. 2010); *Scarlett v.
United States Dep't. of Homeland Sec.*, 632 F. Supp. 2d 214, 219-20 (W.D.N.Y. 2009),
accepted in relevant part by 632 F. Supp. 2d 214 (W.D.N.Y. 2009); *Quezada-Bucio v.
Ridge*, 317 F. Supp. 2d 1221, 1231 (W.D. Wash. 2004), accepted by 317 F. Supp. 2d
1221, 1224 (W.D. Wash. 2004); *Dang v. Lowe*, Case No. 1:CV-10-0446, 2010 U.S. Dist.
LEXIS 49780, at * 34-46 (M.D. Pa. May 7, 2010), accepted in relevant part by 2010 U.S.
Dist. LEXIS 50153 (M.D. Pa. May 20, 2010); *Sandoval-Vela v. Napolitano*, Case No. 10-
CV-0059, 2010 U.S. Dist. LEXIS 7576, at * 17-21 (S.D. Cal. Jan. 29, 2010). *But see
Saucedo-Tellez v. Perryman*, 55 F. Supp. 2d 882, 884-85 (N.D. Ill. 1999) (concluding
that Section 1226(c) is ambiguous, and giving *Chevron* deference to agency interpretation
of Section 1226(c)); *Sulayao v. Shanahan*, Case No. 09-Civ-7347, 2009 U.S. Dist.
LEXIS 86497, at * 8-19 (S.D.N.Y. Sept. 15, 2009) (same).

from the United States." 8 U.S.C. § 1226(a). Section 1226(c)(1), on the other hand, mandates arrest with respect to certain categories of aliens. In that regard, Section 1226(c)(1) provides that "[t]he Attorney General shall take into custody any alien [that is inadmissible or deportable by reason of having committed certain designated offenses] when the alien is released ..." 8 U.S.C. § 1226(c)(1). With respect to an alien's release following arrest, Section 1226(a) provides that the alien may be detained or may be released on bond and conditions "except as provided in subsection (c)." Section 1226(c)(2) provides that the Attorney General may release "an alien described in paragraph (1)" only on grounds not applicable to Hosh. In other words, were Hosh within the group of aliens "described in [Section 1226(c)](1)," his detention pending a decision on his deportation would be mandatory, whereas he would otherwise be entitled to a bond hearing under Section 1226(a).

The United States contends that Hosh is indeed in the category of aliens "described in [Section 1226(c)](1)" because he committed on one of the referenced offenses, regardless of when he was taken into custody. In taking this position, the United States argues that the mandatory detention provision of Section 1226(c)(2) applies if the Attorney General acts at any point in time following or in the event of an alien's release from custody on a referenced offense. *See* Resp.'s Mem., at pp. 7-8. The government's position, however, does not account for all of the relevant language in Section 1226(c)(1) since an "alien described in [Section 1226(c)](1)" is not, as the Government contends, simply any alien who has been arrested for deportation based on a designated offense, but rather refers to an alien taken into custody at a particular point in

time relative to the designated offenses. In previously rejecting the Government's position, this Court explained in *Waffi*:

> The Court is not persuaded by respondents' argument that the term "when," as used in [Section 1226(c)] is ambiguous because it can "also be defined in a conditional sense, *i.e.*, 'in the event that.'" ... Such a construction appears more properly placed upon the term "whenever" or perhaps the phrase "in the event that," however, neither that term nor that phrase is used in [Section 1226(c)]. Additionally, it would be contrary to the plain language of section [Section 1226(c)]'s command that the Attorney General take into immigration custody certain criminal aliens "when" those aliens are released from state custody to include those aliens who had "already" been released from state custody... Moreover, statutory language should not be construed in a way that renders a term surplusage ... If this Court were to agree with the BIA that the clause "when the alien is released" does not describe the class of aliens who are to be detained by the Attorney General, it would doom that clause to removable surplusage. When the BIA argues that [Section 1226(c)] could be read simply as requiring the Attorney General to take into immigration custody any alien [meeting any one of the requirements at [Section 1226(c)(1)(A)-(D)]] without regard to the timing of that alien's release from custody ... the phrase "when the alien is released" is rendered a nullity. Therefore, the Court rejects the BIA's construction of the phrase.

*Waffi*, 527 F. Supp. 2d at 480 (internal citations omitted).

Based on the plain, unambiguous language of Section 1226(c), the Court concludes that the release provisions of Section 1226(c)(2) apply only in those instances where the Attorney General has acted in compliance with Section 1226(c)(1). Here, there was no effort to take Hosh into custody at the time he was released from any custody pertaining to a designated offense or even at the point in time when his two-year suspended state sentence ran. Section 1226(c)(2) therefore does not apply to Hosh and Hosh is entitled to an individualized bond hearing pursuant to Section 1226(a). [4]

---

[4] Hosh also argues that the "when ... released" language of Section 1226(c) does not apply to his detention by ICE agents because he never served a term of imprisonment in connection with the offenses on which the Government seeks to justify his detention pursuant to Section 1226(c). While the record in this case reflects the possibility that one

6

The Court's reading of Section 1226 is further supported by some of the same arguments that the United States advances based on Congressional intent. In this regard, the Government argues that Section 1226(c) evidences and addresses Congress's concern that dangerous aliens might be released into the community before their deportation. *See Demore v. Kim*, 538 U.S. 510, 518-20 (2003) (observing that Congress was concerned that "deportable criminal aliens who remained in the United States often committed more crimes before being removed."). But the Government's reading out of the statute the "when ... released" language of Section 1226(c) is inconsistent with the perceived Congressional objective since it vitiates the clear Congressional command to the Attorney General to act in a timely manner in order to prevent a designated alien from returning to the community before his deportation.

Moreover, while there is no constitutional impediment to holding an arrested alien without bond during the ordinary course of deportation proceedings, *see Demore*, 538 U.S. at 528-30, there are due process considerations that bear on this issue; and Congress chose to make an individualized bond hearing available generally to an alien arrested in connection with deportation proceedings. The Court must therefore conclude that Congress thought such an opportunity an important one that deserved some statutory

---

aspect of the Petitioner's sentence included credit for time served, Sentencing Ord., at p. 2 [Doc. No. 2-6, at p. 2], the record is not entirely clear as to whether Hosh was ever taken into custody in the form of an arrest, detention pending a bond hearing, or otherwise. *See Saysana v. Gillen*, 590 F.3d 7, 14-16 (1st Cir. 2009) ("Individuals may be 'released' in connection with the offenses listed [in Section 1226(c)(1)] without any resulting conviction and be subject, therefore, to mandatory detention ... For example, an alien could be arrested and released without charges."). Nevertheless, even if the Court assumes that Hosh was "released" for the purposes of Section 1226(c), such a release would have occurred long before his detention by ICE. *See* 8 U.S.C. § 1226(c) (mandating detention "when the alien is released, *without regard to whether the alien is released on parole, supervised release or probation*") (emphasis added).

protection and that, having recognized such a right, it would restrict such a right only in limited circumstances that it would clearly identify. Here, the structure and text of Section 1226 suggests that Congress intended to restrict that generally available right to an individualized bond hearing only where an arrested alien's custody has continued uninterrupted following his release in connection with a designated offense.[5] Had Congress intended to mandate detention for all arrested aliens who had committed a designated offense, it could have easily and clearly said so; and it would not have used the language used in Section 1226(c) to do so.

Nor does the Court's reading of this unambiguous statute lead to an unreasonable result that threatens the public safety since immigration officials have wide latitude and discretion in determining within the context of a hearing held pursuant to Section 1226(a) whether and under what conditions release should occur. The Court holds only that when the Government does not act in compliance with Section 1226(c)(1), it cannot invoke the provisions of Section 1226(c)(2), which is premised on its having acted, as required, by Section 1226(c)(1).

For the above reasons, the Court concludes that mandatory detention under 8 U.S.C. § 1226(c)(2) is not required for an alien such as Petitioner who was taken into custody long after any release from state custody. The Court further finds that Petitioner should be provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Accordingly, the Petition will be granted in part, and this matter will be remanded to the

---

[5] This conclusion is underscored when one considers that the nature and substance of a bail hearing, and the amount of meaningful information available to immigration authorities to inform their bond determinations, may be fundamentally different when a bond hearing occurs after an alien has lived within the community for several years following his release from custody on a designated offense.

United States Immigration Court in Arlington, Virginia, for the purpose of providing Petitioner with an individualized bond hearing within ten days of the date of this Order.[6]

The Court will retain jurisdiction over Petitioner's fee request pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, pending further briefing and argument. *See Bracamontes*, 2010 U.S. Dist. LEXIS 75977, at * 4.

## CONCLUSION

For the above reasons, the Petition will be granted in part, and the Court will retain jurisdiction over Petitioner's fee request.

An appropriate Order shall issue

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 16, 2011

---

[6] In *Cummings,* the United States Immigration Court in Arlington, Virginia, returned the Court's Order that was mailed to that court. Although the Court re-sent a copy of its Order to that court and assumes that it was implemented since the Court has not heard further from the petitioner in that case, the Court in this case will require the United States to confirm that Hosh has in fact received the individualized bond hearing and determination that will be ordered in this case.